IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LESLIE MITCHLEY, | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) |
| | ) NO.: 3:21-cv-21 |
| v. | ) |
| | ) |
| | ) **JURY TRIAL DEMANDED** |
| ASPEN DENTAL MANAGEMENT, INC., | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

# COMPLAINT

Plaintiff, Leslie Mitchley, a resident of Clearfield County, Pennsylvania, by and through her attorneys, brings this civil action for damages against the above-named Defendant, Aspen Dental Management, Inc., demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§1331, 1343(a)(4), 1367, and 42 U.S.C. §2000e-5(f).

2. This Complaint alleges illegal harassment and discrimination on the basis of Plaintiff's race and national origin, as well as retaliation, all in violation of the laws and statutes of the United States of America, specifically, Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. §1981 (hereinafter referred to

1

as "Section 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000d *et seq.* (hereinafter referred to as "Title VII"), as well as pendent state law claims arising under the provisions of the laws of this Commonwealth, to wit, the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* (hereinafter referred to as "the PHRA").

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff, Leslie Mitchley ("Ms. Mitchley" or "Plaintiff"), is a Hispanic adult individual residing in Clearfield County, Pennsylvania.

5. Defendant, Aspen Dental Management, Inc. ("Aspen" or "Defendant"), is a Delaware business corporation that maintains a business location at 907 DuBois Avenue, DuBois, Clearfield County, Pennsylvania.

## ADMINISTRATIVE PROCEEDINGS

6. On or about June 28, 2018, Ms. Mitchley filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge 530-2019-04622, alleging race discrimination and retaliation, with instructions to be dual-filed with the Pennsylvania Human Relations Commission ("PHRC").

7. Ms. Mitchley has been advised of her individual right to bring a civil action by receiving a Dismissal and Notice of Rights from the EEOC, which notice was received on or about January 14, 2021.

8. All necessary and appropriate administrative prerequisites to the filing of this action have occurred and been satisfied.

## STATEMENT OF FACTS

9. On or about April 12, 2018, Ms. Mitchley was hired by Aspen as a Patient Services Representative.

10. Shortly after her hire, Ms. Mitchley was targeted by Aspen's Hygienist, Shauna Wood, on account of her Hispanic race and national origin.

11. Among other things, Ms. Wood routinely degraded and mocked Ms. Mitchley, and on one occasion in particular, Ms. Wood took a video of Ms. Mitchley without her consent and used it as a prop to mock her in front of other employees.

12. Ms. Mitchley is fluent in Spanish and would regularly converse in Spanish with Aspen's clients who were more comfortable in speaking that language.

13. Ms. Wood would target Ms. Mitchley on account of this fluency, telling her, "[y]ou don't need to speak a language nobody else understands."

14. Ms. Wood's continued behavior prompted Ms. Mitchley to complain of the same to Aspen's Regional Manager, Roberta Courts, on or about June 25, 2018; however nothing was done to remediate the situation.

15. In or around August 2018, Ms. Mitchley complained to Aspen's Office Manager, Edward Minaya, who verbally corrected Ms. Wood.

16. Unfortunately, shortly thereafter, Mr. Minaya left Aspen's employ and Ms. Wood's behavior resumed and worsened.

17. Despite Ms. Wood's continued harassment, and because of Ms. Mitchley's excellent work ethic, she was promoted to the position of Office Manager.

18. Despite this promotion, Ms. Wood continued to treat Ms. Mitchley with disrespect on account of her Hispanic race and national origin.

19. In or around September of 2018, Ms. Mitchley complained of racial discrimination to Aspen's Regional Manager, Alyssa Tergaskis (spelling approximated).

20. Ms. Tergaskis explained that she liked Ms. Wood, had no intention of disciplining her, and told Ms. Mitchley that she should "suck it up."

21. In or around late January or early February 2019, Ms. Mitchley stepped down and resumed the position of Patient Service Representative because of the stress of Ms. Wood's continued harassment.

22. Ms. Mitchley complained of racial discrimination to Aspen's Human Resources Director, Jane (last name unknown), one last time in late February or early March 2019; however nothing was done to remediate the situation.

23. Seemingly out of options, Ms. Mitchley reached out to Mr. Minaya again, though he was no longer employed by Aspen.

24. Mr. Minaya contacted Aspen on Ms. Mitchley's behalf on or about April 15, 2019.

25. On or about April 25, 2019, Aspen informed Ms. Mitchley that she "made too much money" and that she was being terminated.

26. Aspen posted the opening for Ms. Mitchley's position within a week of her termination.

27. Aspen's true reason for terminating Ms. Mitchley was to retaliate against her repeated reports of racial discrimination.

28. Aspen discriminated and retaliated against Ms. Mitchley by denying her the same enjoyment of all benefits, privileges, terms, and conditions of the employment relationship, in violation Section 1981, which prohibits discrimination and/or retaliation in contracting on the basis of race, and by discriminating against her on the basis of her race and national origin, in violation of Title VII and the PHRA.

29. Aspen created, permitted, tolerated, encouraged, and fostered a racially discriminating, demeaning, degrading, and demoralizing environment, which hostile environment was ongoing and pervasive throughout Ms. Mitchley's employment with Aspen.

30. As a consequence of the racially hostile environment supported and encouraged by Aspen's actions and omissions, Ms. Mitchley was subjected to emotional distress, humiliation, ridicule, and a denial of all benefits, privileges, terms, and conditions of the contractual relationship between employer and employee, all of which manifested itself in mental and physical distress, injury, and damage.

31. As a result of the racially hostile environment and retaliation, Ms. Mitchley has suffered emotional distress and a loss of self-respect and confidence, and her standing in the community has been damaged.

## COUNT I

### SECTION 1981 VIOLATIONS
### Race Discrimination

32. All prior paragraphs are incorporated herein as if set forth fully below.

33. At all times relevant herein, Ms. Mitchley maintained or sought to maintain a contractual relationship with Defendant (i.e., an employment relationship).

34. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, to intentionally discriminate against Ms. Mitchley on the basis of her Hispanic race and thereby deny her the benefits of the contractual relationship she had entered into with Defendant.

35. Additionally, Defendant acted by and through its agents, servants, and employees, to intentionally retaliate against Ms. Mitchley by terminating her for her complaints of racial discrimination and thereby deny her the benefits of the contractual relationship she had entered into with Defendant.

36. As a consequence of Defendant's discriminatory actions and failures to act, Ms. Mitchley was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental and physical distress, injury, and damage.

37. As a result of Defendant's discriminatory actions, Ms. Mitchley has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and she has been subjected to great damage to her career and professional standing.

**WHEREFORE**, Plaintiff, Leslie Mitchley, seeks damages against Defendant, Aspen Dental Management, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II

### SECTION 1981 VIOLATIONS
### Retaliation

38. All prior paragraphs are incorporated herein as if set forth fully below.

39. At all times relevant herein, Ms. Mitchley sought to engage in a contractual relationship with Defendant.

40. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, to retaliate against Ms. Mitchley by terminating her as a result of reporting discrimination based upon her Hispanic race, thereby denying Ms. Mitchley the benefits of the contractual relationship she had entered into with Defendant.

41. The actions of Defendant set forth above constitute violations of Plaintiff's federal civil rights under Section 1981.

42. As a result of this retaliation, Plaintiff has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and her standing in the community has been damaged.

**WHEREFORE**, Plaintiff, Leslie Mitchley, seeks damages against Defendant, Aspen Dental Management, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT III

### TITLE VII VIOLATIONS
### Race and National Origin Discrimination

43. All prior paragraphs are incorporated herein as if set forth fully below.

44. Defendant created, permitted, tolerated, encouraged, and fostered a hostile, intimidating, demeaning, degrading, and demoralizing environment at the plant where Plaintiff worked, all of which was based upon her Hispanic race and

national origin, which hostile environment was ongoing and pervasive throughout Plaintiff's employment.

41. As a consequence of the hostile environment supported and encouraged by Defendant's actions and failures to act, Plaintiff was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental distress, injury, and damage.

42. As a result of the hostile environment, Plaintiff has suffered, and continues to suffer, emotional distress, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

43. The actions of Defendant set forth above constitute violations of Title VII.

**WHEREFORE**, Plaintiff, Leslie Mitchley, seeks damages against Defendant, Aspen Dental Management, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT IV

### TITLE VII VIOLATIONS
### Retaliation

45. All prior paragraphs are incorporated herein as if set forth fully below.

46. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, to retaliate against Ms. Mitchley by terminating her as a result of reporting discrimination based upon her Hispanic race and national origin.

47. The actions of Defendant set forth above constitute violations of Ms. Mitchley's federal civil rights under Title VII.

48. As a result of this retaliation, Ms. Mitchley has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and her standing in the community has been damaged.

**WHEREFORE**, Plaintiff, Plaintiff, Leslie Mitchley, seeks damages against Defendant, Aspen Dental Management, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT V

### PHRA VIOLATIONS
### Race Discrimination and Retaliation

49. All prior paragraphs are incorporated herein as if set forth fully below.

50. This is an action arising under the provisions of the PHRA and this Court has, and should, exercise pendant jurisdiction over the same because the cause of action complained of in this Count V arises out of the same facts, events, and circumstances as Counts I through IV, *supra*, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

51. By subjecting Ms. Mitchley to racial harassment, Defendant violated the provisions of the PHRA which prohibit harassment based upon race and national origin with respect to the continuation and tenure of employment.

52. By retaliating against Ms. Mitchley, Defendant violated Section 955 of the PHRA which prohibits retaliation for reports of harassment based upon race and national origin with respect to the continuation and tenure of employment.

53. As more fully set forth in Counts I through IV, Ms. Mitchley was subjected to economic loss, emotional and physical distress, humiliation, and embarrassment by Defendant's race-based harassment and retaliatory actions, all of which was manifested in mental and physical distress, injury, and damage.

54. As more fully set forth in Counts I through IV, Ms. Mitchley has suffered a loss of earnings, emotional distress, and a loss of self-confidence, and has been subjected to great damage to her career and professional standing.

55. The actions of Defendant set forth above constitute violations of the PHRA.

**WHEREFORE**, Plaintiff, Leslie Mitchley, seeks damages against Defendant, Aspen Dental Management, Inc., as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Leslie Mitchley, prays that this Honorable Court enters judgment in her favor and against Defendant, Aspen Dental Management, Inc., and that it enters an Order as follows:

a. Defendant is to be permanently enjoined from discriminating or retaliating against Plaintiff on the basis of her Hispanic race and national origin and/or any basis prohibited under applicable federal and state law;

b. Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on their race and/or national origin and is to be ordered to promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c. Defendant is to compensate Plaintiff, reimburse Plaintiff, and to make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. Plaintiff should be accorded those benefits illegally withheld from the

        date she first suffered discrimination at the hands of Defendant until the date of verdict;

d.   Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

e.   Punitive damages as provided for under 42 U.S.C. § 1981 and Title VII;

f.   Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.   Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h.   Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal and state law;

i.   Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage - or ceases engaging - in illegal retaliation against Plaintiff or other witnesses to this action; and

j.   The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

February 15, 2021
Date

*/s/ Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

*/s/ Larry A. Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (Fax)

*Counsel for Plaintiff*